| | |
|---|---|
| ANTONIO ROBINSON | CIVIL ACTION |
| VERSUS | NO. 19-12219 |
| FLOYD BAKER ET AL | SECTION: "H" |

# ORDER AND REASONS

Before the Court is Plaintiff's Motion to Reconsider (Doc. 89). For the following reasons, Plaintiff's Motion is **DENIED**.

# BACKGROUND

Defendant Associated Wholesale Grocers, Inc. ("AWG") is a national food wholesaler that operates a warehouse complex in Pearl River, Louisiana as part of its distribution network. Defendant Floyd Baker ("Baker") was the Senior Human Resource Manager at AWG during Plaintiff's employment with AWG. Plaintiff Antonio Robinson worked for AWG at the Pearl River facility from July 2013 through March 15, 2017. On August 16, 2019, Plaintiff brought suit against Defendant AWG and Baker (collectively "Defendants") for retaliatory discharge under the Fair Labor Standards Act ("FLSA") and the Family and Medical Leave Act ("FMLA").[1] On November 3, 2020, this Court

---

[1] Plaintiff's Complaint styles his claim under the FMLA as one for "interference." This Court, however, found that Plaintiff's FMLA interference claim was more aptly analyzed as

1

issued an Order and Reasons granting Defendants' Motion for Summary Judgment and entered a Judgment dismissing Plaintiff's claims against them.[2]

In granting Defendants' Motion for Summary Judgment, this Court found that Plaintiff failed to satisfy his burden under the *McDonnell Douglas* framework.[3] Under the *McDonnell Douglas* framework, a plaintiff asserting FLSA or FMLA retaliation must first "make a *prima facie* showing of: (1) participation in a protected activity; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action."[4] Once a plaintiff makes the appropriate showing, the burden shifts to the defendant to "articulate a legitimate, non-discriminatory reason for its decision."[5] Finally, the burden then shifts back to the plaintiff, who must then demonstrate at least a genuine issue of material fact that the defendant's proffered reason is pretextual.[6]

In applying this standard to the matter at hand, this Court found that Plaintiff had failed to show sufficient evidence of both causation and pretext. Plaintiff alleges that he was forced to resign out of retaliation for certain FLSA-related complaints he made to Baker and his supervisors at AWG and for taking FMLA-qualifying leave. Defendants, however, presented evidence in support of their Motion for Summary Judgment demonstrating that Plaintiff was fired at the behest of AWG Senior Manager of Corporate Security Jerry

---

one for retaliation as he alleges that he was terminated because he took FMLA-qualifying leave. *See* Doc. 84 at 16.

[2] *See* Doc. 84 (Order and Reasons); Doc. 85 (Judgment).

[3] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), *holding modified by* Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993).

[4] Hagan v. Echostar Satellite, L.L.C., 529 F.3d 617, 624 (5th Cir. 2008) (internal citations omitted); Bell v. Dallas Cty., 432 F. App'x 330, 333 (5th Cir. 2011).

[5] *Hagan*, 529 F.3d at 624.

[6] *Id.*

Burke ("Burke") as part of a larger undercover investigation into drug use at the Pearl River facility. Specifically, Defendants provided evidence that Burke decided to terminate Plaintiff after learning from an undercover investigator that Plaintiff failed to report another employee's drug use. In light of Defendants' evidence, this Court found that summary judgment was proper as Plaintiff was unable to create a genuine issue of material fact as to whether Burke knew of Plaintiff's complaints or medical leave; whether the people to whom Plaintiff complained—Baker and his supervisors—had any control over the decision to terminate Plaintiff; or whether Defendants' proffered reason for his termination—the failure to report a drug related conversation—was pretext for discrimination or otherwise untrue.

Now before the Court is Plaintiff's Motion to Reconsider, wherein Plaintiff asserts that this Court committed manifest error in granting Defendants' Motion for Summary Judgment. Defendants oppose.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Rule does not, however, provide any standard for courts to use when determining when timely motions should be granted.[7] Instead, the applicable standard comes from the Fifth Circuit, which has held that Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[8] "Such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that

---

[7] *See* FED. R. CIV. P. 59.
[8] Edionwe v. Bailey, 860 F.3d 287, 294 (5th Cir. 2017) (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

could have been offered or raised before the entry of judgment."[9] Rule 59(e) relief represents "an extraordinary remedy that should be used sparingly."[10]

## LAW AND ANALYSIS

In his Motion to Reconsider, Plaintiff argues that this Court committed manifest error in basing its grant of summary judgment on the fact that Plaintiff failed to present evidence that either Baker or Plaintiff's supervisors "had any influence over the resignation decision" or were "involved in the resignation decision."[11] Plaintiff contends that, contrary to this Court's holding, there is in fact evidence that Baker had influence over, and was involved with, *Plaintiff's* resignation decision. As support, Plaintiff points to the circumstances of his meeting with Burke and his testimony that Baker entered that meeting with the resignation papers and informed him that if he did not resign, AWG would not give him a good recommendation.[12] Plaintiff argues that this interaction demonstrates that Robinson "would not have resigned but for Floyd Baker's conduct in Robinson's interview with Jerry Burke" and that Baker's threat to withhold a future recommendation clearly influenced Plaintiff's decision.

The Court finds that Plaintiff's arguments are based upon a flawed interpretation of this Court's reference to "the resignation decision." As explained in this Court's Order and Reasons granting summary judgment, the Fifth Circuit requires courts to focus on the knowledge of the final

---

[9] *Id.* (quoting *Templet*, 367 F.3d at 479).
[10] *Id.* (quoting *Templet*, 367 F.3d at 479).
[11] Doc. 84 at 9, 10.
[12] Plaintiff's deposition testimony does not make clear whether it was Baker or Burke who told him that he was not going to get a good recommendation unless he resigned. Doc. 89-1 at 3.

decisionmaker when "determining whether an adverse employment action was taken as a result of retaliation."[13] This Court thus found that, to defeat summary judgment, Plaintiff had to "demonstrate a genuine issue of material fact as to whether Burke"—the final decisionmaker—"had knowledge of Plaintiff's prior complaints or whether someone with knowledge of Plaintiff's complaints was involved in the resignation decision."[14] Accordingly, the "resignation decision" referred to here and throughout the Court's opinion refers to Burke's initial decision to take adverse employment action against Plaintiff—i.e., his decision to ask for Plaintiff's resignation. The phrase does not, as Plaintiff argues, refer to Plaintiff's own decision to accept or decline the offer to voluntarily resign. Thus, as it is Burke's decision that is ultimately at issue, evidence of Baker's influence on Plaintiff's decision to accept the offer to resign is largely irrelevant.

Finding that Plaintiff has failed to present newly discovered evidence or demonstrate a manifest error of this Court, Plaintiff's Motion to Reconsider is denied and this Court's prior ruling is undisturbed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Reconsider (Doc. 89) is **DENIED.**

New Orleans, Louisiana this 13th day of July, 2021.

---

[13] Ackel v. Nat'l Commc'ns, Inc., 339 F.3d 376, 385 (5th Cir. 2003) (quoting Gee v. Principi, 289 F.3d 342, 346 (5th Cir. 2002)).
[14] Doc. 84 at 9.

                                _____
                                **JANE TRICHE MILAZZO**
                                **UNITED STATES DISTRICT JUDGE**